UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES CULP,

        Plaintiff,

                                          File No. 2:08-CV-34

v.

                                          HON. ROBERT HOLMES BELL

CORRECTIONAL MEDICAL
SERVICES, et al.,

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On April 15, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Charles Culp's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 4, R&R.) Plaintiff filed objections to the R&R on April 21, 2008. (Dkt. No. 5, Objs. to R&R.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge recommended that Plaintiff's Eighth Amendment claim be

dismissed because Plaintiff was provided treatment for his condition, and the fact that he was not referred to a podiatrist is insufficient to rise to the level of an Eighth Amendment violation. (R&R 7.)   Plaintiff objects to the recommendation because "Defendants are mandated to adhere to the Michigan Public Health Code specifically Sec 33.1801 allowing Plaintiff to see a Podiatrist to examen Plaintiffs medical conditions."  (Objs. to R&R 1.)

Because there is no Code section 33.1801, the Court presumes that Plaintiff's intended reference was to M.C.L. § 333.18011.  Contrary to Plaintiff's assertions, the Public Health Code does not mandate that Plaintiff be treated by a podiatrist.   It merely provides that a person shall not engage in the practice of podiatric medicine unless licensed.  M.C.L. § 333.18011(1).  The Magistrate Judge correctly recommended dismissal of Plaintiff's Eighth Amendment claim because a difference of opinion regarding the medical diagnosis and treatment provided does not rise to the level of an Eighth Amendment violation.  *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)) (affirming dismissal where the prisoner's sole complaint was that he was not provided with the specialized tests he thought were necessary); *see also Truss-El v. Bradley*, 80 F. App'x 425, 427 (6th Cir. 2003) (affirming dismissal of a prisoner's Eighth Amendment claim where the allegations amounted to no more than a difference of opinion concerning diagnosis and treatment); *Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) (holding that a prisoner's disagreement with the medical treatment he was receiving was insufficient to state a claim under the Eighth Amendment).

Plaintiff, like the prisoners in *Smith*, *Truss-El*, and *Thompson*, has simply alleged a difference of opinion regarding his medical diagnosis and treatment. His allegations are not sufficient to state an Eighth Amendment claim.

The Magistrate Judge also concluded that Plaintiff failed to state a First Amendment retaliation claim because he merely alleged the ultimate fact of retaliation and failed to allege facts to support his conclusion that he was transferred to another prison because of his use of the grievance procedure. Plaintiff has not challenged the recommendation that his retaliation claim be dismissed. The Court agrees that Plaintiff's retaliation claim is subject to dismissal for failure to state a claim, but supplements the R&R with the observation that Plaintiff has failed to allege an adverse action, one of the elements of a retaliation claim. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The only retaliatory action Plaintiff has alleged is his transfer to a different prison. A transfer from one prison to another does not generally rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006); *King v. Zamiara*, 150 F. App'x 485, 494 (6th Cir. 2005); *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003). A transfer only amounts to a cognizable adverse action if the circumstances of the transfer "'evidence some form of deterrent effect on the inmate' which would make him less likely to engage in protected conduct." *King*, 150 F. App'x at 494. Thus, for example, in *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), the court held that

3

the prisoner's transfer was sufficient to constitute an adverse action where it caused foreseeable consequences that interfered with the prisoner's access to the courts. *Id.* at 701-02. Plaintiff, however, has not alleged any circumstances surrounding the transfer that would have a deterrent effect on his exercise of his First Amendment rights.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 5) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 4) as supplemented by this order, is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's  complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated:   August 13, 2008               /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE